A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 2-28-08
ATTEST: [signature]
DEPUTY CLERK
EASTERN DIST.

07-9720 DC

A CERTIFIED TRUE COPY
ATTEST
By April Layne on Feb 27, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Feb 27, 2008

FILED
CLERK'S OFFICE

IN RE: FASTENERS ANTITRUST LITIGATION

MDL No. 1912

TRANSFER ORDER

**Before the entire Panel:** Plaintiffs in nine actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) plaintiffs in the six Eastern District of Pennsylvania actions have moved for centralization in the Eastern District of Pennsylvania; and (2) plaintiffs in three Southern District of New York actions have moved for centralization in the Southern District of New York. All responding parties agree that centralization is appropriate and variously support one of those districts as the transferee district, or suggest the Central District of California or the Northern District of Georgia.

This litigation currently consists of ten actions listed on Schedule A and pending in two districts, six actions in the Eastern District of Pennsylvania and four actions in the Southern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that fastener manufacturers conspired to fix prices of that product in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Pennsylvania is an appropriate transferee forum for this litigation. A large number of actions have already been related in that district before Judge R. Barclay Surrick, who is experienced in multidistrict litigation involving foreign defendants.

---

[1] The Panel has been notified of eighteen potentially related actions pending as follows: eight actions in the Eastern District of Pennsylvania, five actions in the Southern District of New York, three actions in the Central District of California, and two actions in the Northern District of Georgia. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable R. Barclay Surrick for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

**IN RE: FASTENERS ANTITRUST LITIGATION**  MDL No. 1912

## SCHEDULE A

### Southern District of New York

Goodwill Industries of South Florida, Inc. v. William Prym GmbH & Co., KG, et al., C.A. No. 1:07-9691
Intratext, SA v. William Prym GmbH & Co., KG, et al., C.A. No. 1:07-9720
Cocoe Voci, Inc. v. William Prym GmbH, KG, et al., C.A. No. 1:07-9929
Dana Undies, Inc. v. Coats PLC, et al., C.A. No. 1:07-10340

### Eastern District of Pennsylvania

Harris Manufacturing Co., Inc. v. YKK Corp., et al., C.A. No. 2:07-4602
Fishman & Tobin, Inc. v. YKK Corp., et al., C.A. No. 2:07-4617
Allan Zipper Co., Inc. v. YKK Corp., et al., C.A. No. 2:07-4654
Greenman, Inc. v. YKK Corp., et al., C.A. No. 2:07-4667
Doubles Marketing & Sales, Inc. v. YKK Corp., et al., C.A. No. 2:07-4672
Leeding Sales Co., Inc. v. YKK Corp., et al., C.A. No. 2:07-4674